### PACMAN v. UNITED STATES.

### No. 10362.

Circuit Court of Appeals, Ninth Circuit.

Aug. 28, 1944.

Rehearing Denied Sept. 30, 1944.
Writ of Certiorari Denied Dec. 11, 1944.
See 65 S.Ct. 278.

David R. Rubin and Leland S. Bower, both of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Mildred L. Kluckhohn, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted of violating § 11 of the Selective Service and Training Act, 50 U.S.C.A.Appendix, § 311, by failing to obey an order to report for induction into the army.

On the appeal it is conceded that the decision in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, has foreclosed argument on the bulk of the assignments of error. The chief contentions now urged are that counsel for the government exceeded the bounds of propriety in his argument to the jury, and that the judge himself committed prejudicial error in his comments during the course of the trial. Error is predicated, also, on the rejection of exhibits said to bear on the question of intent. The nature of appellant's argument calls for a brief summary of the evidence.

Appellant was originally given a lengthy deferment and was then placed in Class I-A,

whereupon, claiming to be conscientiously opposed to combatant service, he asked to be placed in Class I-A-O. He was accorded a hearing; and while the board expressed doubt of his sincerity it granted his request. He then asked to be put in Class IV-E. On the denial of the request he sought review with the result that the appeal board by unanimous vote sustained the local board. Appellant was so notified on August 31, 1942. A few days later he was ordered to report for induction in harmony with his I-A-O classification, the time for his appearance being set for September 14. The order was accompanied by a letter of transmittal signed by the chairman of the board, advising the registrant that the board was without authority to stay induction and warning that criminal penalties would be incurred by a failure to report. Appellant did not report, nor did he appear in response to the notice of suspected delinquency thereafter sent him.

The excuse he advanced on the trial was that he felt that his classification was "being reviewed." Prior to receipt of the induction order he had written or telegraphed the state and national directors suggesting reasons why he thought a Presidential review was appropriate. The state director had acknowledged receipt of the communication, adding that it would be given consideration. However, appellant at no time made inquiry of the local board as to whether there was a stay notwithstanding he had reason to know that any stay which might be granted would be communicated through that quarter. The record makes it plain that he was under no misapprehension as to his legal obligation to obey the order to report, regardless of what might prove to be the outcome of his subsequent maneuvers. Section 628.2 of the regulations affords a registrant a right of appeal to the President only where one or more members of the appeal board dissent from the registrant's classification. Appellant was aware that the appeal board had acted unanimously in his case. His letters and testimony show him to be a man of much more than ordinary intelligence, and it is evident that he was fully informed of his rights and obligations. Even after all possible doubt as to his situation had been removed he still declined to present himself for induction. In sum, he was shown beyond debate to be a willful recalcitrant. No other verdict than that of guilty could rationally have been returned.

We now consider the errors on which reversal is asked.

1. Counsel for the government, in the course of his argument to the jury, said: "I ask you gentlemen to bring in a verdict worthy of a man of this caliber who is willing to let your sons and brothers and friends go out and give their lives for a country which gives him the constitutional guarantee of a fair and full trial in which he can hide behind the defenses he has interposed on his own behalf."

The court's attention was not called to the remark nor was any objection made or exception taken, although appellant was represented on the trial by competent counsel. The statement was intemperate, but we think it was not of so prejudicial a character as to justify a reversal in a case as clear as this. Had timely objection been made any prejudice thought to grow out of the remark might readily have been corrected by the court.

While the view is highly unorthodox, cf., for example, Vierick v. United States, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734, the truth of the matter probably is that inflamed utterances of an advocate tend less to damage the cause of the opposition than to diminish the influence of the advocate himself. Juries instinctively resent intemperate appeals to their supposed prejudices.

2. As to the judge's comments of which appellant complains, they were of trifling consequence. They exhibited no more than a natural impatience with the extensive amount of time being consumed in the trial of an uncomplicated case. There was nothing in what the court said which could be taken by the jury as indicative of an attitude of prejudice toward the defendant, his counsel or his cause.

3. One of the exhibits excluded was a lengthy letter written by appellant to the state director after the order of induction had been made. At best the letter was self-serving. It threw no light on the question of intent. While appellant seems to harbor a more expansive view of the subject, the only criminal intent here material was the intent to disobey the lawful order of the local board.

Two other exhibits excluded were communications had between appellant and an organization known as the National Service Board for Religious Objectors. So far as shown, and so far as we are oth-

**564**

erwise advised, this body has no official standing nor any authoritative connection with the national selective service system. Statements made to or by it were immaterial. Appellant had no reason for supposing that he was entitled to rely on advice received from that quarter.

Other assignments of error are too trivial to warrant discussion.

Affirmed.